v01313.cp1






NUMBER 13-01-313-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


IN RE: B.J.B., MINOR CHILD

 ___________________________________________________________________


On appeal from the 377th District Court of Victoria County, Texas.

__________________________________________________________________


O P I N I O N


Before Justices Dorsey, Yañez and Rodriguez

Opinion by Justice Yañez


Appellant, Christy Franklin, appeals from an order terminating her parent-child relationship with her son, B. J. B., born
October 12, 1997. By a single issue, appellant contends she was deprived of her right to counsel because the trial court
failed to appoint an attorney ad litem for her until almost six months after the Texas Department of Protective and
Regulatory Services ("the Department") filed its petition to terminate the parent-child relationship. We affirm.

Section 107.013(a) of the Texas Family Code requires the trial court to appoint an attorney to represent an indigent parent
who opposes a suit seeking termination of his or her parent-child relationship. Tex. Fam. Code Ann. § 107.013(a) (Vernon
Supp. 2001). However, as this Court has noted, the statute does not establish a time frame as to when appointment must
occur. See id.; In the Interest of J. R. P., 55 S.W.3d 147, 149 (Tex. App.-Corpus Christi 2001, no pet. h.). Thus, we
analyze appellant's issue in light of whether she was provided reasonable access to counsel. See J. R. P., 55 S.W.3d at 150
(citing In re B. R., 950 S.W.2d 113, 115-16 (Tex. App.-El Paso 1997, no writ); Ybarra v. Tex. Dep't of Human Svcs., 869
S.W.2d 574, 580 (Tex. App.-Corpus Christi 1993, no writ)).

Here, the Department filed its original petition for termination on September 17, 1999. The record does not reflect that
appellant requested appointment of counsel at that time. Appellant was appointed counsel on March 3, 2000,
approximately six months after the petition for termination was filed. The hearing on the termination of appellant's parental
rights was held on March 5, 2001, a year after appellant was provided with appointed counsel. 

Because appellant was provided with court-appointed counsel for a year prior to the termination of her parental rights, we
hold that the trial court complied with the requirements of section 107.013(a). See id. (holding no violation of section
107.013 where counsel was appointed twenty months after petition filed but eighteen months before final hearing on
termination); see also In re M. J. M. L., 31 S.W.3d 347, 354 (Tex. App.-San Antonio 2000, pet. denied) (holding no
violation where counsel appointed six months after termination case began).

The Department also contends appellant waived any right to appellate relief by failing to object or request a continuance
regarding the timing of the appointment. The record reflects that appellant raised the issue in her motion for new trial,
which was denied by the trial court. Because we have determined that the trial court did not err regarding the timing of the
appointment, we do not address the Department's argument concerning waiver. Tex. R. App. P. 47.1.

The judgment of the trial court is AFFIRMED. 

 

 

LINDA REYNA YAÑEZ

Justice









Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

6th day of December, 2001.